# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **JOANNE PILKENTON ROBINSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:23CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARTIN J. O'MALLEY,** | ) | JUDGE JAMES P. JONES |
| **COMMISIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Vernon M. Williams, WOLFE, WILLIAMS & AUSTIN, Norton, Virginia for Plaintiff; Patrick Roach, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.*

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance under the Social Security Act (the Act). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her 22-page Report on January 22, 2024, in which she recommended that the court affirm the Commissioner's decision denying benefits. *Robinson v. O'Malley*, No. 2:23CV00003, 2024 WL 222273, at *8 (W.D. Va. Jan. 22, 2024). On January 31,

2024, the plaintiff filed a timely Objection to the Report.  The Commissioner has filed a Response to the Objection and accordingly it is ripe for decision.

## I.

I must make a de novo determination of those portions of the Report to which the plaintiff objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Under the Act, the court must uphold the factual findings and final decision of the administrative law judge (ALJ) if they are supported by substantial evidence and were reached through application of the correct legal standard.  *Coffman ex rel. Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "[T]he threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed.  *Id*.  But I may not "reflexively rubber-stamp an ALJ's findings."  *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted).  "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions."  *Id*. (internal quotation marks and citations omitted).

ALJs must consider the persuasiveness of the medical opinions and findings in a claimant's case.  20 C.F.R. § 404.1520c(b), (c)(1)–(5).  As the magistrate judge noted, the most important factors in evaluating the persuasiveness of these medical opinions and prior administrative medical findings are supportability and consistency, and the ALJ must explain how he considered these two factors in his decision.  20 C.F.R. § 404.1520c(b)(2).  "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation."  Revisions to Rules, 82 Fed. Reg. 5853 (January 18, 2017); 20 C.F.R. § 404.1520c(c)(1).  "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim."  Revisions to Rules, 82 Fed. Reg. 5853 (Jan. 18, 2017); 20 C.F.R. § 404.1520c(c)(2).

## II.

The Objection to the Report contains two assertions.  First, the plaintiff contends that the ALJ did not properly address the medical opinion evidence given by Drs. Joseph Duckwell and Robert McGuffin.  Obj. 3, ECF No. 18.  Second, the plaintiff argues that the ALJ failed to consider the totality of the plaintiff's reported symptoms, including pain.  *Id.* at 3–4.

The ALJ properly addressed the medical opinion evidence.  The ALJ addressed the opinions of the physicians, the need of a cane when ambulating long

distances, and the plaintiff's allegations of the effect of pain on her ability to perform substantial gainful activity. Decision 10, ECF No. 5-1. Indeed, the ALJ specifically noted that "the claimant should us a cane as medically necessary for long distances and on uneven terrain" and could "stand thirty minutes in an eight hour workday." *Id*. However, the ALJ found that the "limitations in sitting, reaching, pushing/[]pulling, and need for a cane at times" was inconsistent with the plaintiff's own testimony, where she claimed that she was "stubborn" and did not use a cane generally. *Id*. at 10; Tr. 9, ECF No. 5-1.

The question to be considered by this court is not whether I would have come to the same conclusion as the ALJ, but rather whether the ALJ's decision was supported by substantial evidence and legally sound. The ALJ analyzed all of the medical records that the claimant had provided to him. Decision 8–11, ECF No. 5-1. But to the extent the reports cut against the claimant's own testimony regarding the lack of cane use, the reports are inconsistent with the claimant's own testimony. Indeed, the ALJ considered whether the findings were "consistent with the record as a whole" and found the State Agency opinions "mostly persuasive," but also noted that the medical history was not what one would expect for a "totally disabled individual," citing to the numerous exhibits provided. *Id*. at 9–11. Thus, to the extent the medical opinions of Drs. Duckwall and McGuffin provided for more restrictive limits on the plaintiff's ability to work, they were inconsistent with and

unsupported by the plaintiff's testimony, meaning that there was no error in the ALJ's treatment of those opinions.

I next consider whether the ALJ properly considered the plaintiff's reported symptoms. I find that the ALJ properly considered the ALJ's reported symptoms. The ALJ analyzed the claimant's medical records through 2022. *Id.* at 8–11. Indeed, the ALJ squarely confronted the plaintiff's claim of "poor concentration due to pain" but found that the plaintiff "generally did not complain to practitioners of serious difficulty maintaining concentration, persistence, and pace." *Id.* at 5. Relatedly, the ALJ found that the plaintiff "managed routine activities throughout a normal day." *Id.* Accordingly, I must conclude that the ALJ properly considered the available evidence.

## III.

It is **ORDERED** as follows:

1.    The plaintiff's objections, ECF No. 18, are DENIED;

2.    The magistrate judge's Report and Recommendations, ECF No. 17, is fully ACCEPTED;

3.    The plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED;

4.    The Commissioner's Motion for Summary Judgment, ECF No. 15, is GRANTED; and

-6-

5.      A separate final judgment will be entered herewith.

ENTER:   March 15, 2024

/s/  JAMES P. JONES
Senior United States District Judge